SHELDON *against* CUMMING.

*Though an attorney be sued by capias, the service of all subsequent papers should be on him or his agent, as in ordinary cases.*

*And service of papers, by affixing the same in the clerk's office, is irregular.*

*And a default taken upon serving a declaration, in this manner, was set aside.*

The defendant, an attorney of this Court, was sued by *cap-ias*, &c. on the return whereof, the plaintiff not receiving any notice of retainer. proceeded by filing and fixing his papers in the Clerk's office, to take his default as against a common person, which

*Cumming*, now moved to set aside as irregular.

*S. A. Foot*, contra, said, that in a proceeding by *capias* against an attorney, the course is as in ordinary cases, unless the attorney gives notice that he means to defend, as was in fact done in *Brown* v. *Childs*, (17 *John*. 1.) In the *President*, &c. *of Bridgeport Bank* v. *Sherwood*, (16 *John*. 43) the proceeding was by bill. The attorney ought to give notice, that he means to defend, if he wishes service upon his agent, or upon himself, as attorney. He may have waived his privilege by ceasing to practice; and it cannot be known to the opposite party in what manner he may elect to defend, unless notice is given.

*Curia.* The case of *Brown* v. *Childs*, (17 *John*. 1) settles the practice. The service should have been on the attorney, or his agent, as in ordinary cases.

Motion granted.